**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 00-10711

BENNY NICHOLS; MARK NICHOLS; NICHOLS FARMS,
a partnership,

Plaintiffs-Appellants,

versus

SCOTT HESLEP; JACK HESLEP, Attorney-in-Fact for Helen
Cunningham and Alice Cunningham,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Texas, Lubbock Division
(5:99-CV-88-C)

August 14, 2001

Before JOLLY, DEMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Plaintiffs appeal the district court's dismissal with prejudice of their unjust enrichment claim

following a jury verdict in favor of plaintiffs. For the following reasons, we affirm.

FACTUAL AND PROCEDURAL BACKGROUND

The relationship between the parties in this appeal began when Jack Heslep (collectively with

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott Heslep, "the Hesleps"), as attorney-in-fact for Helen Cunningham and Alice Cunningham, leased for grazing purposes only four sections of land located in Gaines County, Texas, to Benny Nichols, Mark Nichols, and Nichols Farm, a Partnership (collectively, "the Nichols" or "the plaintiffs"). The original lease was for a period of two years beginning January 1, 1984, and ending on December 31, 1985. The lease provided that it would be automatically extended for consecutive one-year terms unless the parties terminated it earlier in writing. The consideration for the lease was payment by the Nichols of $1,280 a year. However, instead of paying rent, the Nichols could build, repair, and maintain all necessary fences enclosing the premises, and the lessors would not be responsible for the payment of any of their expenses in excess of $1,280 per year without their express written consent.

On April 6, 1988, the parties entered into a second agreement with respect to the same land, again for grazing purposes only. The lease was for a five-year term beginning on January 1, 1988, and ending on December 31, 1992. It would be extended for consecutive five-year terms unless either party notified the other party in writing of the desire to terminate the lease at least 90 days before the expiration of the term of the lease. The rent was $1,500 per year, or in lieu of rent, the Nichols could build, repair, and maintain the fences or make other improvements to the property.

The dispute between the parties arose from a meeting held in January 1998. After the meeting, the Nichols began constructing necessary improvements to cultivate the leased land. They broke up 240 acres of the leased premises for cultivation and installed water wells and an irrigation system, built roads, and installed power lines. The Nichols contended that cultivation of the leased premises for one year was presumed to have been agreed upon, while the Hesleps contended that nothing was agreed upon at the meeting and that the feasibility of cultivating the leased premises was

2

discussed in general terms only. There was no written agreement between the parties for the cultivation of the land, and there was no consideration for the alleged modification of the second lease.

In March 1999, the Hesleps filed suit against the Nichols. The district court's jurisdiction was based on diversity of citizenship. See 28 U.S.C. § 1332. The Hesleps alleged that the Nichols breached their lease agreement by installing improvements on the premises without their consent, by farming the premises in violation of the agreement, and by overgrazing the premises. The Hesleps further alleged that the Nichols were negligent, and they sought a declaratory judgment that the improvements were the Hesleps' property. The Nichols counterclaimed for damages based on promissory estoppel, breach of contract, fraud, negligent misrepresentation, quantum meruit, and unjust enrichment. Subsequently, in May 2000, the Hesleps moved voluntarily to dismiss their causes of action, and the district court granted their motion. The court realigned the parties so that the Nichols were the plaintiffs and the Hesleps were the defendants.

After the Nichols presented their evidence, the district court granted in part the Hesleps' motion for judgment as a matter of law. The only remaining issue, unjust enrichment, was submitted to the jury. The jury returned a verdict for the plaintiffs on the issue of unjust enrichment and awarded damages in the amount of $109,000. However, the Hesleps filed a motion for judgment as a matter of law and requested that the district court set aside the jury's verdict. The district court granted the Hesleps' motion and denied the Nichols' motion to enter judgment. The district court ordered that the plaintiffs take nothing.

The Nichols then moved the district court to make findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52(a). Their motion stated in part,

At the conclusion of Plaintiff's evidence, the court announced that the jury verdict would be considered as advisory only for the stated reason that the remaining issue being submitted to the jury was based on an equitable cause of action. A motion for judgment as a matter of law is proper only to matters tried by a jury and not those in which the trial court acts as the fact finder. Thus, a motion for judgment as a matter of law in a non-jury or advisory jury trial is actually a motion for judgment on partial findings. The district court must support its judgment with findings of fact and conclusions of law as required by FED. R. CIV. P. 52(a).

(citations omitted).

The district court made the findings of fact and conclusions of law requested by the Nichols. The court determined that the Nichols' unjust enrichment claim fails as a matter of law because there was no evidence that the Hesleps obtained a benefit through fraud, duress, or undue advantage and because the subject matter of the dispute was governed by an express contract, the April 6, 1988, lease agreement. The district court dismissed the Nichols' claims, including the unjust enrichment claim, with prejudice. The Nichols now appeal.

On appeal, the Nichols argue that the district court erred in considering the jury's verdict in favor of them on their claim of unjust enrichment as advisory only and that there was sufficient evidence to support the jury's finding of unjust enrichment.

DISCUSSION

I.      Effect of the Jury's Verdict

Fed. R. Civ. P. 39(c) governs the use of advisory juries. Rule 39(c) provides:

In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury or . . . the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if the trial by jury had been a matter of right.

However, "once litigants have consented--either expressly or implicitly--to a nonadvisory jury, the court must provide them advance notice if it intends to regard the verdict as advisory." Alcatel

4

U.S.A., Inc. v. DGI Techs., Inc., 166 F.3d 772, 795-96 (5th Cir. 1999). Fed. R. Civ. P. 39(c) does not require express consent by both sides to a non-advisory jury. Id. at 795 n.101. "If one party demands a jury, the other does not object, and the court orders a jury trial, this will be regarded as trial by consent." Id.

Because the Hesleps demanded a jury trial in their original complaint and the Nichols did not object, we find that the parties consented to a jury trial even though the Hesleps ultimately voluntarily dismissed their claims. However, we also conclude that the Nichols' claim for unjust enrichment was an equitable one and not triable of right by a jury. See Borst v. Chevron Corp., 36 F.3d 1308,1323 (5th Cir. 1994); Bransom v. Standard Hardware, Inc., 874 S.W.2d 919, 927 (Tex. App.-- Fort Worth 1994, writ denied) ("An action for unjust enrichment is based on the equitable principle that a person receiving benefits which were unjust for him to ret ain ought to make restitution. . . . Recovery is based on fundamental principles of justice or equity and good conscience which give rise to an implied or quasi-contract to repay.").

Moreover, we are convinced that the district court gave the parti es advance notice, as is required under Alcatel, that the jury's verdict would be advisory only. Though they now assert that the district court did not give them notice of its intent to regard the jury's verdict as advisory only, the Nichols' motion for the district court to make findings of fact and conclusions of law clearly demonstrates that the court provided such notice. The motion stated: "At the conclusion of Plaintiff's evidence, the court announced that the jury verdict would be considered as advisory only for the stated reason that the remaining issue being submitted to the jury was based on an equitable cause of action." Accordingly, we find no error in the district court's decision to consider the jury's verdict as advisory only.

II.     The District Court's Findings of Fact and Conclusions of Law

Because the jury's verdict was non-binding, we review the district court's findings of fact for clear error and its conclusions of law de novo.  See FED. R. CIV. P. 52(a); Am. River Trans Co. v. Kavo Kaliakra SS, 148 F.3d 446, 449 (5th Cir. 1998).  We find no error under this standard of review.  Moreover, even assuming that the jury verdict was binding, we would find no error under the less deferential standard of review for grants of Fed. R. Civ. P. 50 motions.  See Murray v. Red Kap Indus., Inc., 124 F.3d 695, 697 (5th Cir. 1997) ("A motion for judgment as a matter of law is appropriate if, after considering the evidence presented and viewing all reasonable inferences in the light most favorable to the nonmovant, the facts and inferences point so strongly in favor of the movant that a rational jury could not arrive at a contrary verdict.").

In Texas, where a person has "obtained a benefit from another by fraud, duress, or the taking of an undue advantage," he may recover based on a theory of unjust enrichment.  Heldenfels Bros. v. City of Corpus Christi, 832 S.W.2d 39, 41 (Tex. 1992).  However, unjust enrichment is not an appropriate remedy "merely because it might appear expedient or generally fair that some recompense be afforded an unfortunate loss to the claimant, or because benefits to the person sought to be charged amount to a windfall."  Id. at 42 (internal quotations omitted); Acad. Corp. v. Interior Buildout & Turnkey Constr., Inc., 21 S.W.3d 732, 741 (Tex. App.--Houston [14th Dist.] 2000, reh'g overruled).  Furthermore, recovery for unjust enrichment is impermissible where the "same subject is covered by an express contract."  Acad. Corp., 21 S.W.3d at 741 (internal quotations omitted).

The district court found that the Nichols' unjust enrichment claim fails as a matter of law because there was no evidence that the Hesleps obtained a benefit through fraud, duress, or undue advantage and because the subject matter of the dispute was governed by an express contract, the

6

April 6, 1988, lease agreement.  We find that district court's findings of fact are not clearly erroneous and that its conclusions of law are in accord with Texas precedent.  The Nichols cultivated and added improvements to the Hesleps' land because of their mistaken belief that the parties had an agreement, not because of fraud, duress, or undue advantage.  Also, the April 6, 1988, contract clearly provided that the land would be used for grazing purposes only.  The existing contract between the parties was controlling and dictates that there be no recovery for the Nichols for unjust enrichment or any other theory under which they might have sought restitution.

## CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal with prejudice of the Nichols' unjust enrichment claim.

AFFIRMED.